UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW WILLIAM PURDY, <br><br> Plaintiff, <br><br> v. <br><br> WATERMAN FINANCIAL GROUP, LLC d/b/a CFS MEDIATION d/b/a CFS d/b/a COASTAL FINANCIAL SERVICES, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:17-cv-03723 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MATTHEW WILLIAM PURDY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of WATERMAN FINANCIAL GROUP LLC d/b/a CFS MEDIATION d/b/a CFS d/b/a COASTAL FINANCIAL SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, and Intentional Infliction of Emotional Distress for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 49 year-old natural person residing at 3304 Foxboro Drive, Apartment A, Woodridge, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff. From its principal place of business located at 1414 West Broadway Road, Suite 145, Tempe, Arizona, Defendant regularly collects upon consumers located in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2017, Plaintiff began receiving calls to his cellular phone, (630) XXX-4153, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4153. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. When Plaintiff answers Defendant's phone calls, it asks to speak with him personally regarding a debt he allegedly owes to it.

12. Plaintiff is unaware of any outstanding debt he owes to Defendant, so upon speaking with it, he has inquired as to the nature of the debt, but it does not provide him with proof of the debt.

13. Defendant has even left Plaintiff confusing voice messages on his cellular phone, asking him to call it back regarding an alleged debt.

14. Due to the puzzling nature of Defendant's calls, Plaintiff called it back to request more information about this alleged debt.

15. Upon returning Defendant's phone call, Plaintiff was told that he could be arrested and will face a lawsuit regarding an outstanding debt.

16. Plaintiff independently investigated Defendant's allegations and could not find any information regarding this alleged debt.

17. Nevertheless, Defendant's phone calls have persisted up until the date of the filing of this complaint.

18. Due to the fact that he kept receiving these phone calls, on May 17, 2017, Plaintiff called Defendant once again and demanded specific information regarding this alleged debt.

19. During this phone call, Defendant's representative informed Plaintiff that there is a formal complaint filed against him, as he allegedly owes $475.00 stemming from an "insufficient check."

20. Plaintiff is unfamiliar with this debt, but he inquired as to Defendant's mailing address so he could potentially send a payment.

21. Defendant refused to provide Plaintiff with any such information, and attempted to coax him into making an online payment using "Visa" or "MasterCard."

22. Defendant also told Plaintiff that he is currently in the "pre-litigation stage" and if he does not submit a payment, he will be taken to court.

23. During this same phone call, Plaintiff asked Defendant why it was continuing to harass his family members with phone calls, and Defendant's representative's response was, "There's an automated dialer that calls these numbers."

24. Plaintiff informed Defendant that he would not make a payment until he verified that the debt was accurate, and Defendant's representative continued to threaten him with legal action.

25. In all of his communications with Defendant and its representatives, Defendant never identified itself to Plaintiff as a debt collector.

26. Defendant has even placed calls to Plaintiff's wife, daughter, and friends, informing them that Plaintiff will be arrested and face a lawsuit if he does not make a payment.

27. Plaintiff has demanded that Defendant stop calling his family and friends, but it has defied his pleas and continued to harass his relatives.

28. Defendant has identified itself to Plaintiff using various names, including "CFS," "CFS Mediation," and "Coastal Financial Services."

29. Defendant never mailed Plaintiff a copy of this alleged debt, and upon asking for additional information so he could send correspondence to it, Defendant refused to provide Plaintiff with any information.

30. Defendant mainly calls Plaintiff using the phone number (866) 209-8724, but upon belief, it has used other phone numbers as well.

31. Upon information and belief, the above phone number ending in 8724 is regularly utilized by Defendant during its debt collection activity.

32. Upon answering phone calls from Defendant, Plaintiff experiences a recorded message followed by a noticeable pause, before a live representative begins to speak.

33. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

34. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

35. Defendant's phone calls have caused Plaintiff to experience severe stress, as it continuously threatens him and his family and friends with a lawsuit regarding a debt he is unaware of.

36. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though full set forth herein.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

39. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

40. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of the FDCPA §§1692b(2)-(3) and §1692c(b)**

41. The FDCPA, pursuant to §1692b(2), states that any debt collector "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt." §1692b(3) further prohibits

communicating "with such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Also, pursuant to §1692c(b), "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

42. Defendant violated §1692b(2), b(3), and c(b) when it repeatedly contacted Plaintiff's wife, daughter, and friends to inquire about the alleged debt. Plaintiff demanded that Defendant stop contacting his family members, but despite his pleas, Defendant not only continued its harassing conduct towards Plaintiff, but also sustained its harassing behavior toward Plaintiff's family members in an attempt to collect upon the alleged debt.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

43. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

44. In addition, this section enumerates specific violations, such as:

> "The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. §1692d(2).

> "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

> "The placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. §1692d(6).

45. Defendant violated §1692c(a)(1), d, d(2), d(5), and d(6) when it continuously called Plaintiff and made threatening statements to him while identifying itself under various names.

During conversations with Defendant, Plaintiff was told that he would be facing a lawsuit for failing to make a payment on an alleged debt. Upon asking what the debt is for and who it is owed to, Defendant refused to supply Plaintiff with the necessary information he requested. One of Defendant's representatives even went so far as to say that a "formal complaint" has been filed against Plaintiff.

46. By greeting Plaintiff using a handful of different names and threatening him with a lawsuit, Defendant sought to abuse and harass him until he made a payment.

### c. Violations of FDCPA § 1692e

47. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. This section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4)

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." §1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11).

> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §1692e(14).

7

49. Defendant violated §1692e, e(2), e(4), e(5), e(10), e(11), and e(14) through its false, deceptive, and misleading conduct. Plaintiff inquired about the character and status of the alleged debt, but yet, Defendant repeatedly failed to supply him with the necessary information and instead continued to reiterate its threats that Plaintiff will be facing a lawsuit and jail time if he does not make payment. In addition, Defendant's threat that there is a lawsuit pending against Plaintiff is completely erroneous, as Defendant did not have any intention of filing a lawsuit against him. It simply instilled this sense of fear and panic into Plaintiff in an attempt to procure payment from him.

50. Defendant also placed multiple phone calls to Plaintiff's family members, threatening to file a lawsuit and arrest Plaintiff if he did not make payment. These deceptive tactics were employed by Defendant in order to have a more favorable chance at securing payment.

51. Finally, during conversations with Plaintiff, not only did Defendant recurrently fail to disclose its true identity, as it used a variety of names, but it also repeatedly failed to inform Plaintiff that it is a debt collector attempting to collect upon a debt.

### d. Violations of FDCPA § 1692f

52. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. §1692f(1) further prohibits, "The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

54. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect upon a debt without providing Plaintiff with all of the necessary information regarding the alleged debt. Plaintiff never received a copy of the valid debt, and even upon asking Defendant to mail him proof of the debt, it failed to abide by his requests. Alternatively, Defendant told Plaintiff

8

Case: 1:17-cv-03723 Document #: 1 Filed: 05/18/17 Page 9 of 13 PageID #:9

to make a payment or he would be getting served with a lawsuit. Attempting to coerce Plaintiff into payment by making threats to him and his family, and using different names to hide its identity is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

### e. Violations of FDCPA § 1692g

55. The FDCPA, pursuant to 15 U.S.C. §1692g, states that "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice" containing various information regarding the debt, including but not limited to the amount of the debt and the name of the creditor to whom the debt is owed.

56. Plaintiff never received a written notice from Defendant containing information regarding the debt. In fact, when Plaintiff asked Defendant for additional information, it failed to provide him with sufficient detail as to the nature of the debt.

57. As pled in paragraphs 33 through 36, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MATTHEW WILLIAM PURDY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

9

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANTS

58. Plaintiff restates and realleges paragraphs 1 through 57 as though fully set forth herein.

59. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

60. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

61. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

62. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in its debt collection attempts. It was unfair for Defendant to mask its identity, including the fact that it is a debt collector, solely to force Plaintiff into payment. Furthermore, Defendant falsely and deceptively threatened Plaintiff with a lawsuit and jail time, even offering to settle the alleged lawsuit if he made a payment via credit card over the phone. Defendant also went to the extreme length of contacting Plaintiff's family and friends and informing them that Plaintiff will be sued and sent to jail if he does not make payment.

63. By failing to meaningfully identify itself, disclose the purpose of its call, and state that it is a debt collector, Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

64. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

65. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

66. As pled in paragraphs 33 through 36, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

67. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant purposefully attempted to hide its true identity and made grave threats to Plaintiff and his family in order to persuade Plaintiff into making payment. By making these threats to Plaintiff's family members, Defendant deceptively enticed Plaintiff to return its calls with the ultimate goal of procuring payment. As a debt collector, Defendant is obligated by law to disclose specific information in its communications to consumers. Plaintiff was not informed as to the specific nature of the debt, nor of the fact that Defendant is a debt collector seeking to collect upon a debt. Instead, Defendant threatened Plaintiff by saying there is an impending lawsuit against him for the alleged debt. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

11

WHEREFORE, Plaintiff, MATTHEW WILLIAM PURDY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff restates and realleges paragraphs 1 through 67 as though fully set forth herein.

69. "To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Cangemi v.Advocate S. Suburban Hosp.*, 364 Ill. App. 3d 446, 470, 845 N.E.2d 792, 813, 300 Ill. Dec. 903 (2006).

70. Defendant intentionally engaged in extreme and outrageous conduct when it incessantly attempted to intimidate and coerce Plaintiff into making payments via threats and harassment carried out during the phone calls to Plaintiff and his family members.

71. Defendant knew that its relentless phone calls and threatening language would inflict severe emotional distress upon Plaintiff. Threatening jail time and claiming there is a lawsuit pending against Plaintiff is inherently frightening and would cause a consumer to feel extremely threatened and vulnerable.

72. This deliberate conduct of threatening Plaintiff with a lawsuit and imprisonment is indicative of Defendant's intent to inflict emotional distress upon Plaintiff. Defendant knew that

its conduct would cause Plaintiff to suffer severe emotional distress, which was its intention, as frightening Plaintiff would likely force him into making a payment.

73. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

74. Defendant's threats were designed to instill fear and emotional distress upon Plaintiff.

75. As pled in paragraphs 33 through 36, Plaintiff was severely damaged by Defendant's conduct.

WHEREFORE, Plaintiff, MATTHEW WILLIAM PURDY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff his actual damages in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages in an amount to be determined at trial; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 18, 2017                                          Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Northern District of Illinois                Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                               900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                    Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                  (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com